|                                | |
|---|---|
| LISA E.,<br><br>                   Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                 Defendant. | CASE NO. C19-0254 BHS<br><br>ORDER REVERSING AND REMANDING DENIAL OF BENEFITS |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

## I.  BASIC DATA

Type of Benefits Sought:

    (X) Disability Insurance

    (  ) Supplemental Security Income

Plaintiff's:

    Sex:  Female

    Age:  36 at the time of alleged disability onset.

Principal Disabilities Alleged by Plaintiff:  Congestive heart failure, depression, anxiety. *See* Admin. Record ("AR") at 188.

Disability Allegedly Began:  May 18, 2009

Principal Previous Work Experience:  Retail sales clerk, nursery school attendant, jewelry salesperson, receptionist, pharmacy technician, courier, children's attendant.

Education Level Achieved by Plaintiff:  Some college.

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

This is the third time this case has been before the Court. Plaintiff first applied for benefits on May 21, 2009. AR at 95, 160–66. The Social Security Administration ("SSA") denied Plaintiff's claims on initial review and on reconsideration. *Id.* at 95-96. Administrative Law Judge ("ALJ") Mattie Harvin-Woode held a hearing on Plaintiff's claims on June 6, 2011. *Id.* at 27–94. On August 22, 2011, ALJ Harvin-Woode issued a decision denying Plaintiff's claims. *Id.* at 11–22. The Appeals Council denied review, and Plaintiff sought review in this Court. *Id.* at 1–3, 956–58.

On February 3, 2014, Chief Magistrate Judge Brian Tsuchida issued a decision reversing and remanding the case for further administrative proceedings. *Id.* at 966–74. Judge Tsuchida held that the ALJ erred in rejecting medical opinions from David Linker, M.D., David Jarvis, M.D., and James Czysz, Psy.D. *Id.* at 966–71. Judge Tsuchida held that the ALJ did not err in discounting Plaintiff's testimony. *Id.* at 971–74. Judge Tsuchida ordered on remand that the ALJ reassess the opinions of Dr. Linker, Dr. Jarvis, and Dr. Czysz, reassess Plaintiff's residual functional capacity ("RFC") as necessary, and reconsider the other evidence as appropriate. *Id.* at 974.

On remand, ALJ Laura Valente held a second hearing. *Id.* at 887–928. ALJ Valente then issued a decision, dated August 19, 2015, again denying Plaintiff's claim for benefits. *Id.* at 802-17. The Appeals Council did not assume jurisdiction, and Plaintiff again sought review in this Court. *Id.* at 1649–52.

On May 26, 2017, Magistrate Judge James Donohue issued a decision reversing and remanding the case for further administrative proceedings. *Id.* at 1654–66. Judge

Donohue held that the ALJ erred in rejecting Dr. Jarvis's opinions. *Id.* at 1661–62. Judge Donohue held that the ALJ did not err in rejecting Dr. Linker and Dr. Czysz's opinions. *Id.* at 1663–64. Judge Donohue further held that Plaintiff had not shown ALJ error in discounting other medical opinions, including that of David Widlan, Ph.D. *Id.* at 1664. Judge Donohue ordered on remand that the ALJ reconsider Dr. Jarvis's opinion and Plaintiff's RFC. *Id.* at 1666.

ALJ Valente held a third hearing in this matter on May 1, 2018. *Id.* at 1583–91. At that hearing, Plaintiff's counsel reported that he was still waiting on medical records from the University of Washington and Providence, and work-related records from Fred Meyer. *Id.* at 1586–87. ALJ Valente thus rescheduled the hearing, which took place four and a half months later, on September 20, 2018. *Id.* at 1592–1615. The summary below relates to this last hearing and the decision that followed.

Before ALJ:

    Date of Hearing: September 20, 2018

    Date of Decision: December 4, 2018

    Appears in Record at: AR at 1519–33

    Summary of Decision:

        The claimant last met the insured requirements of the Social Security Act on March 31, 2017.

        The claimant did not engage in substantial gainful activity from her alleged onset date of May 18, 2009, through her date last insured of March 31, 2017. *See* 20 C.F.R. §§ 404.1571–76.

        Through the date last insured, the claimant had the following severe impairments: History of ischemic cardiomyopathy, history of complex

congenital heart defects status post multiple surgical procedures, mid congestive heart failure, coronary artery disease, asthma, sleep apnea, degenerative disc disease of the cervical spine, thoracic outlet syndrome in the non-dominant left upper extremity, migraines, affective disorders variously diagnosed as depression and dysthymic disorder, and anxiety disorders variously diagnosed as anxiety, panic, and posttraumatic stress disorder. *See* 20 C.F.R. § 404.1520(c).

Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526.

Through the date last insured, the claimant had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), except she could lift 20 pounds occasionally and 10 pounds frequently. She could sit for two hours at a time with usual and customary breaks for a total of six hours in an eight-hour work day. She could stand and/or walk for two hours in an eight-hour work day. She could never climb ladders, ropes, or scaffolds. She could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She had to avoid concentrated exposure to pulmonary irritants. She could understand, remember, and carry out simple, routine tasks. She could maintain attention and concentration in two-hour increments. She could superficially and occasionally work with the general public. She could work in the same room with small groups (up to 10) of coworkers, but not in coordination with coworkers.

Through the date last insured, the claimant was unable to perform any past relevant work. *See* 20 C.F.R. § 404.1565.

The claimant was a younger individual (age 18-49) on the date last insured. *See* 20 C.F.R. § 404.1563.

The claimant has at least a high school education and is able to communicate in English. *See* 20 C.F.R. § 404.1564.

Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not she has transferable job skills. *See* Social Security Ruling 82–41; 20 C.F.R. Part 404, Subpart P, Appendix 2.

Through the date last insured, considering the claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that the claimant could have performed. *See* 20 C.F.R. §§ 404.1569, 404.1569(a).

The claimant has not been under a disability, as defined in the Social Security Act, from May 18, 2009, the alleged onset date, through March 31, 2017, the date last insured. *See* 20 C.F.R. § 404.1520(g).

Before Appeals Council:

The Appeals Council did not assume jurisdiction of the case and Plaintiff did not seek its review. The ALJ's decision thus became the Commissioner's final decision. *See* 20 C.F.R. § 404.984(d).

### III.    PROCEDURAL HISTORY—THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff   (X) Commissioner

### IV.    STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Although the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

## V. EVALUATING DISABILITY

Plaintiff bears the burden of proving she is disabled within the meaning of the Social Security Act ("Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. § 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. § 404.1520. The claimant bears the burden of proof during steps one through four. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner. *Id.*

# VI. ISSUES ON APPEAL

A. Whether the ALJ properly evaluated Plaintiff's symptom testimony.

B. Whether the ALJ properly evaluated the medical evidence.

# VII. DISCUSSION

## A. The ALJ Did Not Harmfully Err in Discounting Plaintiff's Symptom Testimony

Plaintiff contends that the ALJ erred in discounting Plaintiff's subjective symptom testimony. Pl. Op. Br. (Dkt. # 9) at 16–18. Plaintiff focuses her argument on her mental health testimony, so the Court will do the same. *See id.* Plaintiff testified that she suffers from mental health problems, including anxiety and difficulty concentrating. *Id.* at 60, 67-70, 918, 1606.

ALJ Harvin-Woode discounted Plaintiff's testimony in the first decision here. *See id.* at 18–19. Judge Tsuchida affirmed ALJ Harvin-Woode's decision to discount Plaintiff's testimony, finding that she had at most committed harmless error. *See id.* at 971–74. ALJ Valente similarly discounted Plaintiff's testimony in the second decision. *See id.* at 810–12. Plaintiff did not challenge that determination in her appeal before Judge Donohue. *See id.* at 1659–60.

Procedurally, the law of the case doctrine suggests that the Court should affirm ALJ Valente's decision at least insofar as it relates to Plaintiff's testimony prior to the most recent hearing. "Under the law of the case doctrine, 'a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.'" *Buck v. Berryhill*, 869 F.3d 1040, 1050 (9th Cir. 2017)

(quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)). "The doctrine is concerned primarily with efficiency, and should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016) (citing *Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991)). Rather than attempting to parse the ALJ's decision to determine when she was addressing Plaintiff's prior testimony versus her most recent testimony, the Court will review the ALJ's analysis of all of Plaintiff's testimony, but takes note of the Court's prior determinations that some of the ALJ's reasons for discounting Plaintiff's prior testimony were valid.

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "'could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)). At this stage, the claimant need only show that the impairment could have caused some degree of the symptoms; she does not have to show that the impairment could reasonably be expected to cause the severity of the symptoms alleged. *Id.* The ALJ found that Plaintiff met this step because her medically determinable impairments could reasonably be expected to cause the symptoms she alleged. AR at 1524.

If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "'by offering specific, clear and convincing

reasons for doing so. This is not an easy requirement to meet.'" *Trevizo*, 871 F.3d at 678 (quoting *Garrison*, 759 F.3d at 1014–15). In evaluating the ALJ's determination at this step, the Court may not substitute its judgment for that of the ALJ. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). As long as the ALJ's decision is supported by substantial evidence, it should stand, even if some of the ALJ's reasons for discrediting a claimant's testimony fail. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

In the most recent decision, ALJ Valente found that Plaintiff's statements "concerning the intensity, persistence and limiting effects of [her] symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." AR at 1524. The ALJ reasoned that Plaintiff's testimony was (1) inconsistent with the medical evidence, (2) inconsistent with Plaintiff's activities, (3) contradicted by the fact that Plaintiff stopped working at her last job for reasons other than her disability, and (4) contradicted by the fact that she collected unemployment benefits during the alleged disability period. *Id.* at 1524–30.

### 1. Inconsistency with the Medical Evidence

ALJ Valente first discounted Plaintiff's symptom testimony because she determined that it was inconsistent with the medical evidence. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). Plaintiff has failed to show that ALJ Valente unreasonably interpreted the evidence in reaching this conclusion. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (holding that the party challenging

an administrative decision bears the burden of proving harmful error) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407–09 (2009)). ALJ Valente thoroughly discussed the medical evidence, pointing to numerous treatment records and explaining how they contradicted the severity of mental health symptoms Plaintiff alleged. *See* AR at 1282, 1329, 1527–29, 1931, 1945, 2089, 2152. The evidence did show that Plaintiff suffered from some level of anxiety and depression. *See id.* at 1297, 1305, 1331, 1333, 1421, 1888, 2163. On this mixed record, however, Plaintiff has not shown that the ALJ's interpretation of the evidence was irrational. Accordingly, ALJ Valente did not err in rejecting Plaintiff's mental symptom testimony as inconsistent with the medical evidence.

### 2. Inconsistency with Plaintiff's Activities

ALJ Valente next discounted Plaintiff's mental symptom testimony because it was inconsistent with her daily activities. *Id.* at 1530. An ALJ may discount a claimant's symptom testimony when it is inconsistent with her general activity level. *See Molina v. Astrue*, 674 F.3d 1104, 1112–13 (9th Cir. 2012); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007). Again, Plaintiff has failed to show that the ALJ unreasonably interpreted the evidence in reaching this conclusion. *See Ludwig*, 681 F.3d at 1054 (citing *Shinseki*, 556 U.S. at 407–09). Plaintiff completed an eight-month program to become a pharmacy technician. AR at 893. She attended the program for four hours a day, four days a week, and maintained an average GPA. *Id.* at 894–95. After completing the program, Plaintiff completed a 200-hour externship, which involved working at a pharmacy for 16 hours a week. *Id.* at 896. The ALJ reasonably found that this contradicted Plaintiff's claims of severe mental limitations.

### 3. Stopping Work for Reasons Other Than Disability

ALJ Valente further discounted Plaintiff's symptom testimony because she stopped working for reasons other than her claimed disability. *Id.* at 1529. Plaintiff lost her job working as a jewelry sales clerk for allegedly over-refunding a customer. *See id.* at 508. The Court is unconvinced that this in any way detracts from Plaintiff's testimony regarding the severity of her alleged symptoms. This was a part-time job, and the ALJ has not adequately explained how Plaintiff's inability to keep that job detracts from her claim that she has social and cognitive limitations that prevent her from completing full-time work. *See id.* at 189. The ALJ therefore erred in rejecting Plaintiff's mental symptom testimony on this basis.

### 4. Collecting Unemployment Benefits

ALJ Valente last discounted Plaintiff's symptom testimony because she collected unemployment benefits during the alleged disability period. *Id.* at 1529. Judge Tsuchida previously affirmed the ALJ's rejection of Plaintiff's symptom testimony on this basis. *See id.* at 972–73. Plaintiff has not established any reason to revisit this determination, and thus the ALJ did not err.

In sum, although the ALJ gave one erroneous reason for rejecting Plaintiff's testimony, Plaintiff has failed to show harmful error. "[A]n error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'" *Molina*, 674 F.3d at 1115 (quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)). The ALJ's acceptable reasons remain valid, so her error was harmless.

### B. The ALJ Partially Erred in Evaluating the Medical Evidence

Plaintiff argues that the ALJ erred in evaluating the medical opinions of Dr. Jarvis, Dr. Widlan, Dr. Czysz, and Anita Peterson, Ph.D. Pl. Op. Br. at 7–16. Plaintiff further argues that the ALJ erred by failing to discuss the medical opinions of Jenna Yun, Ph.D., and Rajasri Palepu, M.D. *Id.* at 6-7.

#### 1. The ALJ Harmfully Erred in Rejecting Dr. Jarvis's Opinions

Dr. Jarvis examined Plaintiff on August 14, 2009. AR at 606–15. Dr. Jarvis opined that Plaintiff had "moderate to severe limitations in her ability to understand, remember and follow complex instructions, and to respond appropriately to or tolerate the pressures and expectations of a normal work setting." *Id.*

An ALJ must give clear and convincing reasons to reject the uncontradicted opinions of an examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the examining doctor's opinion is contradicted, it "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830–31 (citing *Andrews*, 53 F.3d at 1043).

In her previous decision, ALJ Valente gave little weight to Dr. Jarvis's opinions because she found them inconsistent with the objective medical evidence, Plaintiff's daily activities, and Dr. Jarvis's own exam findings. *Id.* at 813–14. ALJ Valente also discounted Dr. Jarvis's opinions because they relied on Plaintiff's self-reports, which ALJ Valente had already discounted. *Id.* at 815.

Judge Donohue found that ALJ Valente erred in discounting Dr. Jarvis's opinions because ALJ Valente did not specify any of the inconsistencies on which she relied. *Id.*

at 1662. Judge Donohue further noted that the Court had previously rejected ALJ Harvin-Woode's decision to reject Dr. Jarvis's opinions based on inconsistency with his own exam findings and reliance on Plaintiff's self-reports. *See id.* at 969, 1662.

In her most recent decision, ALJ Valente again gave little weight to Dr. Jarvis's opinions. *Id.* at 1530–31. This time, ALJ Valente reasoned that Plaintiff's ability to go to school contradicted Dr. Jarvis's opinion that Plaintiff would be limited in her ability to tolerate the pressures of work. *Id.* at 1530. ALJ Valente further reasoned that Dr. Jarvis's opinions were inconsistent with his own exam findings. *Id.*

The ALJ's first reason for discounting Dr. Jarvis's opinions has some merit, but the ALJ's second reason for discounting Dr. Jarvis's opinions has already been twice rejected by the Court. *See* AR at 969, 1662. The ALJ's continued refusal to accept the Court's determination outweighs any validity her first reason for rejecting Dr. Jarvis's opinions may have. *Cf. Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) (holding that "one weak reason," even if supported by substantial evidence, is insufficient to meet the standard for rejecting a claimant's testimony). Consequently, the ALJ harmfully erred in rejecting Dr. Jarvis's opinions.

**2. The ALJ Did Not Err in Rejecting Dr. Widlan and Dr. Czysz's Opinions**

Plaintiff argues that ALJ Valente erred in rejecting the opinions of Dr. Widlan and Dr. Czysz. Pl. Op. Br. at 11–16. Magistrate Judge Donohue previously affirmed ALJ Valente's rejection of these opinions. *See* AR at 1663–64. As discussed above, the law of the case generally precludes the Court from reconsidering an issue it has already

decided. *See Buck*, 869 F.3d at 1050. Plaintiff has failed to show that any of the three exceptions to the law of the case doctrine applies here. *See Stacy*, 825 F.3d at 567. The first exception does not apply because Dr. Widlan and Dr. Czysz's opinions are the same as they were the last time this matter was before the Court. Both opinions were issued several years before Judge Donohue's decision, and nothing in the record changes the analysis. *See* AR at 782–89, 1498–1509.

The second exception does not apply because the controlling law has not changed. *Buck*, 869 F.3d 1040, the case to which Plaintiff points, did not alter the law. Prior Ninth Circuit precedent already established that an ALJ may not reject an examining doctor's mental health opinions based on the doctor's reliance on a claimant's self-reports when the doctor's opinions are supported by objective measures, such as observations from a mental status examination, and the doctor does not question the patient's credibility. *See Ryan v. Commissioner of Soc. Sec.*, 528 F.3d 1194, 1199–1200 (9th Cir. 2008); *see also Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001); *Regennitter v. Comm'r Soc. Sec. Admin.*, 166 F.3d 1294, 1300 (9th Cir. 1999).

Finally, the third exception does not apply because Plaintiff has not shown that applying the law of the case here would be unjust. Plaintiff has already had an opportunity to challenge the ALJ's evaluation of Dr. Widlan and Dr. Czysz's opinions. *See* AR at 1654–66. Judge Donohue fairly considered Plaintiff's arguments, and Plaintiff has not pointed to any evidence to the contrary. Therefore, as Judge Donohue previously found, the ALJ did not err in discounting the opinions of Dr. Widlan and Dr. Czysz. *See id.* at 1663–64.

### 3. Plaintiff Waived Any Challenge to the ALJ's Evaluation of Dr. Peterson's Opinions

Plaintiff argues that the ALJ erred in evaluating Dr. Peterson's opinions. Pl. Op. Br. at 16. Plaintiff did not challenge the ALJ's evaluation of Dr. Peterson's opinions in either of her two previous appeals to the Court. *See* AR at 966–74, 1654–66. Yet again, the law of the case precludes Plaintiff's challenge here. The Court "need not and do[es] not consider a new contention that could have been but was not raised on the prior appeal." *Munoz v. Imperial Cty.*, 667 F.2d 811, 817 (9th Cir. 1982). "[I]t would be a 'manipulation' of the court system for [a] party that had not raised all relevant issues in its first appeal to be allowed a 'second bite at the apple.'" *Sternberg v. Johnson*, 492 F. App'x 724, 725 (9th Cir. 2012) (quoting *Lowery v. Channel Commc'ns, Inc. (In re Cellular 101, Inc.)*, 539 F.3d 1150, 1155 (9th Cir. 2008)). This case has gone through multiple rounds of review and remand. *See* AR at 966–74, 1654–66. Each time, the Court has crafted the scope of remand to narrow the issues and efficiently address Plaintiff's claims. *See id.* at 974, 1666. These cases must have a level of finality and predictability, which would be defeated if Plaintiff could raise new challenges to old issues every time a case came back after remand. Plaintiff has therefore waived her challenge to the ALJ's evaluation of Dr. Peterson's opinions.

### 4. The Court Need Not Decide Whether the ALJ Erred by Failing to Evaluate Dr. Yun and Dr. Palepu's Opinions

Plaintiff argues that the ALJ erred in failing to evaluate the medical opinions of Dr. Yun and Dr. Palepu. Pl. Op. Br. at 6–7. The record is unclear as to when these opinions were added, but the SSA made them part of the record at some point. *See* AR at

1552–79. Because the Court has determined that the ALJ erred in evaluating Dr. Jarvis's opinions, and that this matter must be remanded for further proceedings, as discussed below, the Court need not decide whether Plaintiff established an exception to the "five-day rule." 20 C.F.R. § 404.935. On remand, the ALJ should evaluate the opinions of Dr. Yun and Dr. Palepu.

**C.    Scope of Remand**

Plaintiff asks the Court to remand this matter for an award of benefits. Pl. Op. Br. at 18–19. Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id.* at 1045. First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison*, 759 F.3d at 1020). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted). If the first two steps are satisfied, the Court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. "Even if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within

the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

Although the Court is tempted to remand this matter for an award of benefits given the ALJ's continued refusal to properly evaluate Dr. Jarvis's opinions, such an award is not warranted. The Court cannot translate Dr. Jarvis's opinions into an RFC. *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)). Similarly, the record does not contain evidence—such as vocational expert testimony—clearly showing that Dr. Jarvis's opined limitations would preclude Plaintiff from all work. Therefore, this matter must be remanded for further administrative proceedings. However, because the ALJs have continued to ignore the Court's direction on evaluating Dr. Jarvis's opinions, the SSA on remand must fully accept Dr. Jarvis's opinions.

On remand, the ALJ shall fully accept Dr. Jarvis's opinions, evaluate Dr. Yun and Dr. Palepu's opinions, and reassess the disability evaluation as appropriate. The ALJ shall conduct further proceedings as necessary to reevaluate the disability determination in light of this opinion.

## VIII.  ORDER

Therefore, it is hereby ORDERED that the Commissioner's final decision denying Plaintiff disability benefits is REVERSED and this matter is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

Dated this 21st day of August, 2019.

BENJAMIN H. SETTLE
United States District Judge